UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVIN EUGENE MCKAY,

    Petitioner,

v.                                                  Case Number: 2:19-CV-11644
                                                  HONORABLE NANCY G. EDMUNDS

LES PARRISH,

    Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION
## TO DISMISS AND DENYING A CERTIFICATE OF APPEALABILITY

### I. Introduction

This matter is pending before the Court on petitioner Devin Eugene McKay's habeas corpus petition under 28 U.S.C. § 2254. McKay challenges his Wayne County convictions for assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony. Mich. Comp. Laws § 750.227b. Respondent, through the Attorney General's office, filed a motion to dismiss, arguing that the petition is untimely. For the reasons which follow, the Court grants the motion.

### II. Background

McKay's convictions arise from the shooting of Jamaal Mason. The Michigan Court of Appeals summarized the testimony leading to McKay's convictions as follows:

> Early in the afternoon on October 29, 2013, the victim, Jamaal Mason, received a message from a woman on an online dating website. The woman, a juvenile hereafter referred to as MS, and Mason had previously been

communicating on the website four months prior to this message. However, those communications had ceased when Mason asked about a picture he had observed of MS and defendant on the website and was informed by MS that defendant was her significant other. In her message to Mason, MS indicated that she wanted to meet up with Mason at 15360 Ward in Detroit, Michigan. Mason agreed to meet her there later that day.

Mason pulled into the driveway of 15360 Ward at approximately 3:30 p.m. When he arrived, he observed MS walking towards the home and MS subsequently entered Mason's vehicle. After talking with MS for five minutes, Mason observed defendant in his rear view mirror approaching him with a black handgun. Defendant came up to Mason's window, and Mason leaned back in his seat in order to avoid defendant. As he leaned back, the car began to roll in reverse, at which point defendant shot twice into the vehicle. One of the shots hit Mason in his left shoulder. Mason was able to climb into the back seat and escape the vehicle out of the back passenger door. As Mason was running away, defendant fired four more shots. While three shots missed, one struck Mason in his right buttock.

On November 1, 2013, members of the Detroit Police Department visited Mason at the hospital. The officers showed Mason six different pictures in an attempt to identify his assailant. After reviewing the pictures, Mason immediately identified defendant as the man who shot him.

*People v. McKay*, No. 323519, 2016 WL 192003, *1 (Mich. Ct. App. Jan. 14, 2016).

McKay was convicted by a jury in Wayne County Circuit Court and, on August 26, 2014, sentenced to fifteen to thirty years for the assault conviction to be served consecutively to two years for the felony-firearm conviction. The Michigan Court of Appeals affirmed McKay's convictions. *Id.* The Michigan Supreme Court denied leave to appeal. *People v. McKay*, 499 Mich. 985 (Mich. July 26, 2016).

McKay filed a motion for relief from judgment in the trial court on June 19, 2017.[1] The trial court denied the motion. *See* 10/9/17 Order, Wayne Cty. Cir. Ct. (ECF No. 6-11). The Michigan Court of Appeals denied leave to appeal. *People v. McKay*, No. 341995 (Mich. Ct. App. March 21, 2018). On October 30, 2018, the Michigan Supreme Court also denied leave to appeal. *People v. McKay*, 503 Mich. 887 (Mich. 2018).

McKay filed this petition on May 28, 2019. Respondent filed a motion to dismiss the petition on the ground that it was not timely filed. McKay has not responded to the motion.

### III. Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. Under 28 U.S.C. § 2244(d), a prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D).

The Michigan Supreme Court denied McKay's application for leave to appeal on July 26, 2016. Because Petitioner did not petition for a writ of certiorari with the United States

---

[1] McKay signed and dated his motion for relief from judgment on June 19, 2017. Michigan recognizes the prison mailbox rule only for direct appeals. Nevertheless, some judges in this district have applied the mailbox rule to state court motions for relief from judgment. *E.g., Shaykin v. Romanowski*, No. 14-13399, 2016 WL 193381 (E.D. Mich. Jan. 15, 2016). Applying the mailbox rule in this case does not impact the timeliness of the petition. Therefore, the Court will assume for the purpose of this analysis that the mailbox rule applies.

Supreme Court, his conviction became final on October 25, 2016, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The limitations period commenced the following day, October 26, 2016, and continued to run until June 19, 2017, when McKay filed a motion for relief from judgment in the trial court. The motion for relief from judgment tolled the limitations period with 129 days remaining. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation...."). The limitations period continued to be tolled until October 30, 2018, when the Michigan Supreme Court denied Petitioner's application for leave to appeal. The limitations period resumed on October 31, 2018, and expired 129 days later, on March 9, 2017.

McKay signed and dated his petition on May 28, 2019, and it is considered filed on that date. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Therefore, the petition was filed over two months after the limitations period expired. Absent equitable tolling, the petition is time barred. McKay did not respond to the motion to dismiss and did not address the timeliness issue in his petition. The Court finds no basis for equitably tolling the limitations period.

## IV. Conclusion

For the reasons stated, Respondent's motion for dismissal is GRANTED. The petition is DISMISSED.

Further, because jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable, a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c)(1)(a), (2); Fed. R. App. P. 22(b).

SO ORDERED.

                                              _____
                                              NANCY G. EDMUNDS
                                              UNITED STATES DISTRICT JUDGE

Dated:  February 6, 2020